UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| James Lawson )<br>Susan Lawson )<br>   *Plaintiffs* )<br> )<br>v. )<br> )<br>Portfolio Recovery Associates, LLC )<br>   *Defendant* )<br>Serve: )<br>   Corporation Service Company )<br>   2711 Centerville Road )<br>   Suite 400 )<br>   Wilmington, DE 19808 )<br> ) | Case No. 3-14-cv-822-S |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant Portfolio Recovery Associates, LLC violated the FDCPA by attempting to collect interest or fees from Mr. and Mrs. Lawson that it had no legal right to recover. PRA reported false information concerning Mr. and Mrs. Lawson to consumer reporting agencies that includes the addition of interest and fees to which PRA had no legal right to recover from them.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff James and Susan Lawson are natural persons who resides in Jefferson County, Ky. Mr. and Mrs. Lawson are both "consumers" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability

company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**I. Facts Relating to James Lawson**

7. On November 26, 2013, Mr. Lawson requested, obtained, and reviewed a copy of her consumer credit report from Experian Information Solutions, Inc.

8. Mr. Lawson's November 26th Experian credit report includes negative credit information furnished by PRA in connection with a debt originated by GE Money Bank.

9. According to Mr. Lawson's November 26th Experian credit report, the GE Money Bank debt had an original balance of $7,192 and a current balance of $7,808 as of November 2013.

10. Upon information and belief, GE Money Bank affirmatively waived any and all right to assess or accrue any interest—both contractual and statutory—after charging off each of the respective debts.

11. Upon information and belief, the GE Money Bank debt was used solely for personal, family, and/or household purposes, which makes the GE Money Bank debt a "debt" within the meaning of the FDCPA.

12. PRA furnished negative credit information concerning Mr. Lawson and the GE Money Bank debt to one or more consumer reporting agencies for purposes of collecting a debt from her. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

13. According to the information furnished by PRA, the reported amount of the GE Money Bank debt steadily increased each month that PRA reported the debt.

14. Upon information and belief, PRA assessed and accrued interest on Mr. Lawson's GE Money Bank debt at the legal rate of 8% per annum.

15. Upon information and belief, PRA began assessing and accruing interest on the GE Money Bank debt at 8% per annum from the date it acquired each debt.

16. Upon information and belief, PRA began assessing and accruing interest on the

GE Money Bank debt prior to demanding payment for each debt from Mr. Lawson.

17.  PRA had no legal right to assess and accrue interest at the legal rate of 8% per annum on GE Money Bank debt owed by Mr. Lawson absent a judgment awarding PRA interest at the legal rate of 8% per annum.

18.  Under Kentucky law, PRA had no legal right to assess and accrue interest at the legal rate of 8% per annum on GE Money Bank debt prior to demanding payment of the debt.

## II.   Facts Relating to Susan Lawson

19.  On November 26, 2013, Ms. Lawson requested, obtained, and reviewed a copy of her consumer credit report from Experian Information Solutions, Inc.

20.  Ms. Lawson's November 26th Experian credit report includes negative credit information furnished by PRA in connection with a debt originated by GE Money Bank.

21.  According to Mr. Lawson's November 26th Experian credit report, the GE Money Bank debt had an original balance of $7,192 and a current balance of $7,808 as of November 2013.

22.  Upon information and belief, GE Money Bank affirmatively waived any and all right to assess or accrue any interest—both contractual and statutory—after charging off each of the respective debts.

23.  Upon information and belief, the GE Money Bank debt was used solely for personal, family, and/or household purposes, which makes the GE Money Bank debt a "debt" within the meaning of the FDCPA.

24.  PRA furnished negative credit information concerning Ms. Lawson and the GE Money Bank debt to one or more consumer reporting agencies for purposes of collecting a debt from her. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

25.  According to the information furnished by PRA, the reported amount of the GE Money Bank debt steadily increased each month that PRA reported the debt.

26.  Upon information and belief, PRA assessed and accrued interest on Ms. Lawson's GE Money Bank debt at the legal rate of 8% per annum.

27.  Upon information and belief, PRA began assessing and accruing interest on the GE Money Bank debt at 8% per annum from the date it acquired each debt.

28.  Upon information and belief, PRA began assessing and accruing interest on the GE Money Bank debt prior to demanding payment for each debt from Ms. Lawson.

29. PRA had no legal right to assess and accrue interest at the legal rate of 8% per annum on GE Money Bank debt owed by Ms. Lawson absent a judgment awarding PRA interest at the legal rate of 8% per annum.

30. Under Kentucky law, PRA had no legal right to assess and accrue interest at the legal rate of 8% per annum on GE Money Bank debt prior to demanding payment of the debt.

31. Upon information and belief, the GECRB debt was used solely or personal, family, or household purposes, which makes the GECRB debt a "debt" within the meaning of the FDCPA.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

32. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e, § 1692f, and multiple subsections of each statute. Both James and Susan Lawson are entitled to recovery of damages, costs and reasonable attorney's fees from PRA for its violations of the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Viola Goff requests that the Court grant her the following relief:

1. Award Plaintiff maximum statutory damages;

2. Award Plaintiff actual damages;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com